# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| NATIONAL ELECTRICAL BENEFIT FUND, ) <br> 2400 Research Boulevard, Suite 500 ) <br> Rockville, MD  20850, ) <br> ) <br> and ) <br> ) <br> NATIONAL ELECTRICAL ANNUITY PLAN, ) <br> 2400 Research Boulevard, Suite 500 ) <br> Rockville, MD  20850, ) <br> ) <br>       Plaintiffs, ) <br> ) <br>       v. ) <br> ) <br> ACC CONSTRUCTION, INC. ) <br> a California corporation, ) <br> 12891 Nelson Street ) <br> Garden Grove, CA 92840 ) <br> ) <br>       Defendant. ) <br> _____) | Civil Action No.  8:16-cv-3202 |

## COMPLAINT

This is an action brought by the Trustees of two multiemployer pension plans, the National Electrical Benefit Fund (hereinafter "NEBF") and the National Electrical Annuity Plan (hereinafter "NEAP"), to collect delinquent pension contributions and related sums from Defendant ACC Construction, Inc.

**JURISDICTION AND VENUE**

1. This Court has jurisdiction of this matter pursuant to section 502(e) of the Employee Retirement Income Security Act of 1974, as amended (hereinafter "ERISA"), 29 U.S.C. § 1132(e). Plaintiffs are fiduciaries to the NEBF and NEAP and this action arises under sections 502(a)(3) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3), 1145. Venue is proper because the NEBF and NEAP are administered within this district. ERISA Section 502(e)(2), 29 U.S.C. § 1132(e)(2).

2. This Court also has jurisdiction of this matter pursuant to Section 301 of the Taft-Hartley Act, 29 U.S.C. § 185, as this is an action for a violation of a collective bargaining agreement between an employer and a labor organization.

**PARTIES**

3. NEBF is a multiemployer employee pension benefit plan within the meaning of Section 3(2) of ERISA, 29 U.S.C. § 1002(2), that has been established pursuant to an agreement entered into between the International Brotherhood of Electrical Workers ("IBEW") and the National Electrical Contractors Association ("NECA"). NEBF is a defined benefit plan pursuant to Section 3(35) of ERISA, 29 U.S.C. § 1002(35). The address of the NEBF is 2400 Research Boulevard, Suite 500, Rockville, Maryland 20850-3238.

4. NEAP is a multiemployer employee benefit plan within the meaning of Section 3(2) of ERISA, 29 U.S.C. § 1002(2), that has been established pursuant to an agreement entered into between the IBEW and NECA. NEAP is a defined contribution plan pursuant to Section 3(34) of ERISA, 29 U.S.C. § 1002(34). The address of NEAP is 2400 Research Boulevard, Suite 500, Rockville, Maryland, 20850-3238.

5. Employers agree to participate in NEBF and NEAP pursuant to collective bargaining agreements with the IBEW or one of its affiliated local unions.

6. Defendant is an employer engaged in an industry affecting commerce, is contractually and legally obligated to submit contributions to the NEBF and NEAP, and is an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5). Upon information and belief, Defendant is a California corporation whose main place of business is 12891 Nelson Street, Garden Grove, California 92840.

## STATEMENT OF CLAIM

### Allegations Common to Claims by NEBF and NEAP

7. Defendant is a signatory, and has been a signatory continuously during all relevant periods, to one or more collective bargaining agreements (the "Collective Bargaining Agreements") with IBEW Local Union 47 as the collective bargaining representative of its employees.

8. Pursuant to the Collective Bargaining Agreements with IBEW Local Union 47, Defendant is obligated to submit contributions to NEBF and NEAP on behalf of its employees covered by the Collective Bargaining Agreement with IBEW Local Union 47 for all relevant periods.

10. Section 515 of ERISA requires an employer to make contributions to multiemployer plans in accordance with its obligations under a collectively bargained agreement and the plan documents. 29 U.S.C. § 1145.

11. Section 502(a)(3) of ERISA provides that a fiduciary may enforce the provisions of ERISA and the terms of the plan through a civil action. 29 U.S.C. § 1132(a)(3).

12. Section 502(g)(2) of ERISA provides that a fiduciary of a multiemployer plan, bringing suit to recover delinquencies under Section 515, shall recover in addition to the unpaid contributions, interest thereupon, liquidated damages, attorney's fees and costs, and other appropriate legal and equitable relief.  29 U.S.C. § 1132(g)(2).

### NEBF's Claims

13. Defendant, pursuant to the Collective Bargaining Agreement, has been and is also bound to all terms and conditions of the Restated Employees Benefit Agreement and Trust for the National Electrical Benefit Fund (the "NEBF Trust Agreement"), which has governed the administration of NEBF at all times relevant to this action.

14. The NEBF Trust Agreement authorizes the Trustees to take all necessary actions to recover delinquent contributions.  In addition, it authorizes the Trustees to recover interest on the delinquent contributions at a rate of ten percent (10%) per annum, liquidated damages in an amount equal to twenty percent (20%) of the delinquency, and all costs, including audit costs and attorneys' fees, incurred in collecting the delinquency.

15. Notwithstanding its obligations pursuant to the Collective Bargaining Agreement and the NEBF Trust Agreement, Defendant failed to make all of its required contributions to the NEBF on behalf of the employees covered by the Collective Bargaining Agreement with IBEW Local Union 47.

16. According to an audit of Defendant's books and records, Defendant failed to pay the NEBF $8,172.80 in contributions due in connection with work performed by its covered employees during the period July 2013 through December 2014 (the "NEBF Delinquent Contributions") in the jurisdiction of Local Union 47.

17.     Interest on the NEBF Delinquent Contributions through the date hereof is equal to $2,301.45.

18.     Liquidated damages on the NEBF Delinquent Contributions is equal to $1,634.56.

19.     The cost of the audit to NEBF, which cost is to be borne by the Defendant, is $437.60.

20.     Despite Defendant's breaches of its obligations, the Trustees to the NEBF will be required to provide benefits to NEBF participants employed by Defendant, upon their retirement, based on their years of credited service, which would include that period during which Defendant failed to contribute.  This could result in a reduction of the corpus of the trust, thereby endangering the rights and benefits of other participants and beneficiaries on whose behalf contributions have been properly made.

21.     The NEBF's Trustees are authorized by the NEBF Trust Agreement and by ERISA to recover interest on delinquent contributions at a rate of ten percent (10%) per annum, liquidated damages in an amount equal to twenty percent (20%) of the delinquency, and all costs, including attorney's fees and expenses and audit costs, incurred in collecting the delinquency.

22.     NEBF has incurred attorneys' fees and costs in connection with its attempts to collect the delinquent contributions.

### **NEAP's Claims**

23.     Defendant, pursuant to the Collective Bargaining Agreement with IBEW Local Union 47, has been and is also bound to all terms and conditions of the Agreement and Trust for the National Electrical Annuity Plan (the "NEAP Trust Agreement"), which have governed the administration of NEAP at all times relevant to this action.

24. The NEAP Trust Agreement authorizes the Trustees to take all actions to recover delinquent contributions. In addition, it authorizes the Trustees to recover interest on the delinquent contributions at a rate of ten percent (10%) per annum, liquidated damages in an amount equal to twenty percent (20%) of the delinquency, and all costs, including attorneys' fees and costs, and audit expenses, incurred in collecting the delinquency.

25. Notwithstanding its obligations pursuant to the Collective Bargaining Agreement with Local Union 47 and the NEAP Trust Agreement, Defendant failed to make all of its required contributions to NEAP on behalf of the employees covered by the Collective Bargaining Agreement with IBEW Local Union 47.

26. According to NEAP records, Defendant failed to pay NEAP $20,979.47 in contributions due in connection with work performed by its covered employees during the period July 2013 thougth December 2014 (the "NEAP Delinquent Contributions") for work performed in the jurisdiction of Local Union 47.

27. Interest on the NEAP Delinquent Contributions through the date hereof is equal to $6,164.80.

28. Liquidated damages on the NEAP Delinquent Contributions is equal to $4,195.89.

29. The cost of the audit to NEAP, which is to be borne by the Defendant, is $1,000.00.

30. Despite Defendant's breach of its obligations, the Trustees of NEAP will be required to provide benefits to NEAP participants employed by Defendant, upon their retirement, based on the total amount of their individual accounts, which would include contributions which Defendant was required, but failed, to contribute.

31. NEAP has incurred attorneys' fees and costs in connection with its attempts to collect the NEAP Delinquent Contributions.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff NEBF prays for judgment in its favor, and that the Court's judgment include:

(a) NEBF Delinquent Contributions in the amount of **$8,172.80** for the period July 2013 through December 2014;

(b) **$2,301.45** in interest, calculated at the rate of 10% per annum on the aforementioned Delinquent NEBF Contributions through the date hereof, plus any additional interest that accrues until the time that such NEBF Delinquent Contributions are paid;

(c) liquidated damages on the aforementioned NEBF Delinquent Contributions in the amount of **$1,634.56**;

(d) audit fees in the amount of **$437.60**;

(e) reasonable attorneys' fees and costs incurred by NEBF in connection with this action, plus all other reasonable attorneys' fees and costs incurred in connection with the enforcement of any judgment awarded in this action; and

(f) any other such legal and/or equitable relief that the Court deems appropriate.

WEREFORE, Plaintiff NEAP prays for judgment in its favor, and that the Court's judgment include:

(a) NEAP Delinquent Contributions in the amount of **$20,979.47** for the period July 2013 through December 2014;

(b) **$6,164.80** in interest, calculated at the rate of 10% per annum on the aforementioned NEAP Delinquent Contributions through the date hereof, plus any additional interest that accrues until the time that such NEAP Delinquent Contributions are paid;

(c) liquidated damages on the aforementioned NEAP Delinquent Contributions and other late payments in the amount of **$4,195.89**;

(d)    audit fees in the amount of $1,000.00;

(e)    reasonable attorneys' fees and costs incurred by NEAP in connection with this action, plus all other reasonable attorneys' fees and costs incurred in connection with the enforcement of any judgment awarded in this action; and

(f)    any other such legal and/or equitable relief that the Court deems appropriate.

Date:  September 20, 2016                */s/  Jennifer Bush Hawkins*
                                                Jennifer Bush Hawkins
                                                Federal Bar No.  013064
                                                **POTTS-DUPRE, HAWKINS & KRAMER, CHTD.**
                                                900 Seventh Street, N.W., Suite 1020
                                                Washington, D.C. 20001
                                                (202) 223-0888
                                                jhawkins@phk-law.com

                                                *Attorneys for Plaintiffs*
                                                *National Electrical Benefit Fund and*
                                                *National Electrical Annuity Plan*